# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BRIAN EVANS** § | | **CIVIL CASE NO.** _____ |
|     **Plaintiff,** § | | |
| § | | |
| **V.** § | | |
| § | | **HONORABLE JUDGE**_____ |
| § | | |
| **NATIONAL FLOOD INSURANCE** § | | |
| **PROGRAM** § | | |
|     **Defendant.** § | | **MAGISTRATE JUDGE** _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

MAY IT PLEASE THE COURT:

Through the undersigned attorney comes BRIAN EVANS who, for the following reasons, brings the instant complaint against the NATIONAL FLOOD INSURANCE PROGRAM and states as follows:

### NATURE OF THE ACTION

1. This is a civil complaint by Brian Evans (hereinafter referred to as "Plaintiff") against his insurer, the National Flood Insurance Program (hereinafter referred to as "NFIP") to enforce his rights under a flood insurance policy issued by NFIP.

2. On September 13, 2008, Hurricane Ike caused flood damage and loss to Plaintiff's residential property in Surfside Beach, Texas. Plaintiff has submitted a claim under his policy issued by the NFIP but the NFIP has refused to fully pay Plaintiff's claim.

### THE PARTIES

3. Plaintiff is a Texas citizen who resides at 2303 Todville Road, Seabrook, Texas 77586.

1

4.  The NFIP was established by the United States Congress, through the National Flood Insurance Act, in order to make flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection. The NFIP is engaged in the practice of insurance in the State of Texas. The United States Federal Emergency Management Agency ("FEMA") manages the program, controlling the payment or disallowance of all flood insurance claims. The NFIP may be served with process through the Acting Assistant Administrator for FEMA's Federal Insurance and Mitigation Administration, Ed Connor, at the office of the Federal Emergency Management Agency, Federal Insurance Administration, 500 C Street S.W., Washington, D.C. 20472. **Issuance of summons is requested at this time.**

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the claims in this action as they arise pursuant to a claim under a Standard Flood Insurance Policy (hereinafter referred to as "SFIP"). Any claims under a SFIP are governed solely by federal law pursuant to Article IX of the SFIP.[1] Therefore, Plaintiff asserts that there is federal question jurisdiction pursuant to *28 U.S.C. § 1331* as this matter requires interpretation of, and the resolution of the case is dependent upon, interpretation and application of federal laws, rules and regulations including the SFIP, itself codified and found at 44 C.F.R. Pt. 61, App. A (1), and the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. Furthermore, jurisdiction exists pursuant to the grant of "original exclusive" jurisdiction found in *42 U.S.C. § 4072* as it involves a breach of contract claim under a SFIP.

6.  As more fully explained below, the action involves a contract to insure Plaintiff's residential property located at 2303 Todville Road, Seabrook, Texas 77586, against flood damage. The contract for flood insurance was made in Seabrook, Texas, was to be performed

---

[1] *See* 44 C.F.R. Pt. 61, App. A(1), Art. IX.

2

there, involves property located there, and all of the events or omissions giving rise to the claims asserted in this complaint arose there so that venue for this action lies in this court under Art. VII.R of 44 C.F.R. Pt. 61, App. A(1). The federal courts have exclusive jurisdiction over causes of action arising under the National Flood Insurance Program.[2] Consequently, Section VII, Subsection R of the SFIP issued by the Federal Emergency Management Association through its National Flood Insurance Program requires that venue be set in the United States District Court of the district in which the insured property was located at the time of loss.

## FACTS

7. The NFIP issued Flood Insurance Policy No. RL00009759 (hereinafter referred to as the "NFIP Policy") to Plaintiff. The NFIP Policy provided coverage for flood damage to Plaintiff's residential property in Seabrook, Texas and was effective for the period of June 19, 2008 to June 19, 2009. The NFIP Policy provided one hundred seventy-five thousand dollars [$175,000.00] in coverage for Plaintiff's building with a deductible of one thousand dollars [$1,000.00], and fourteen thousand eight hundred dollars [$14,800.00] in coverage for Plaintiff's contents with a deductible of one thousand dollars [$1,000.00].

8. Plaintiff timely paid the premium of one thousand five hundred sixty-four dollars [$1,564.00] for the NFIP Policy.

9. The NFIP Policy insures residential property located at 2303 Todville Road, Seabrook, Texas 77586. Plaintiff is the named insured on the NFIP Policy.

10. On September 13, 2008, while the NFIP Policy was in full force and effect, Hurricane Ike caused flood damage to the insured property, which consists of a residential building and contents.

---

[2] *See* Art. VII.R of 44 C.F.R. Pt. 61, App. A(1).

11.     As a result of the flooding during Hurricane Ike, the insured building and contents owned by Plaintiff were damaged or destroyed. The flood damage to the insured property is a covered loss under the NFIP Policy.

12.     Plaintiff reported the losses and damages to the NFIP in a timely fashion and properly discharged the reporting obligations under the NFIP Policy.

13.     On or about November 2, 2008, a Building Estimate was completed by the NFIP's adjuster James Valentine. Valentine estimated the actual cash value of the building damage to be seventy-two thousand seventeen dollars and twenty-one cents [$72,017.21].

14.     On or about August 26, 2010, a Contents Estimate was completed by the NFIP's adjuster James Valentine. Valentine estimated the actual cash value of the contents damage to be fifteen thousand four hundred fifteen dollars and twenty cents [$15,415.20].

15.     Subsequent to November 2, 2008, the NFIP paid Plaintiff seventy-two thousand seventeen dollars and twenty-one cents [$72,017.21] for the undisputed portion of the dwelling damage.

16.     On August 16, 2010, Plaintiff submitted to the NFIP a demand letter[3] and revised proof of loss[4] wherein Plaintiff claimed a total loss of one hundred sixty-nine thousand five hundred sixty-eight dollars and fifty-eight cents [$169,568.58] for the dwelling flood loss. Plaintiff submitted additional documentation to support the demand for payment including a professional estimate of damages and pictorial documentation of the damage to the building.

17.     To date, the NFIP has not responded to Plaintiff's demand for payment.

18.     Since Plaintiff initiated the claims process, Plaintiff has provided the NFIP access to the insured property, has provided all requested and available information to the NFIP that is

---

[3] *See* Plaintiff's Exhibit A, "Demand Letter" dated August 16, 2010.
[4] *See* Plaintiff's Exhibit B, "Proof of Loss" dated August 13, 2010.

available, has submitted a revised proof of loss, and has otherwise properly discharged the obligation to cooperate with the NFIP in its investigation and adjustment of the flood damages sustained by Plaintiff.

19. Plaintiff and the NFIP have agreed on the areas of the insured property that the flood from Hurricane Ike damaged. However, Plaintiff and the NFIP have not agreed on the value of loss in each of the flood damaged areas. As a result, on September 15, 2010, Plaintiff demanded an appraisal pursuant to 44 C.F.R. Pt. 61 App. A(1) Art. VII. P of the SFIP.[5]

20. To date, the NFIP has not responded to Plaintiff's demand for appraisal.

21. Representatives of Plaintiff and the NFIP have discussed the claim and attempted to reach a resolution. To date, however, the NFIP has refused to pay the full value of the loss incurred by Plaintiff and the NFIP has continued to refuse to proceed to appraisal on Plaintiff's claim.

## COUNTS I & II – BREACH OF CONTRACT

22. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

23. Plaintiff and the NFIP entered into a valid binding contract for flood insurance the NFIP agreed to pay Plaintiff up to one hundred seventy-five thousand dollars [$175,000.00] for the dwelling damage caused by flooding and up to and fourteen thousand eight hundred dollars [$14,800.00] for the contents damage caused by flooding. Plaintiff agreed to and did pay a premium in consideration for the NFIP Policy.

24. Plaintiff has performed all conditions precedent under the NFIP Policy, including submitting a signed and notarized revised proof of loss.[6]

---

[5] *See* Plaintiff's Exhibit C, "Appraisal Demand Letter" dated September 15, 2010.
[6] *See* Plaintiff's Exhibit B, "Proof of Loss" dated August 13, 2010.

25. The NFIP breached its contract with Plaintiff when the NFIP failed to properly adjust and pay Plaintiff for the full amount of flood damage to the insured building. (Count I) Additionally, the NFIP breached its contract with Plaintiff by failing to proceed to appraisal after Plaintiff's timely demand of such.[7] (Count II)

26. Plaintiff's breach of contract claims are expressly authorized by *42 U.S.C. § 4053* and/or *42 U.S.C. § 4072*.

27. Plaintiff is entitled to damages which will compensate for the flood loss to his dwelling at replacement cost value, as provided for by the NFIP Policy, and for all incidental and consequential damages which Plaintiff has suffered.

## PETITION TO COMPEL APPRAISAL

28. Plaintiff reasserts and incorporates by reference each of the allegations contained in the foregoing paragraphs.

29. On September 15, 2010, Plaintiff sent the NFIP a demand for appraisal pursuant to the SFIP provisions at Art. VII.P of 44 C.F.R. Pt. 61, App. A(1).[8]

30. To date, the NFIP has not responded to Plaintiff's demand for appraisal. The NFIP and Plaintiff, as evidenced by the payments made by the NFIP to Plaintiff, are in agreement as to the scope of the damage and the coverage provided by the NFIP Policy, but in dispute as to the replacement cost value of the damage to the dwelling. Plaintiff maintains the value of flood damage suffered by the dwelling is greater than the NFIP's estimate reflects. Thus, appraisal is the appropriate method to settle the dispute since the dispute concerns the valuation of damage and not the scope of damage or scope of coverage provided by the NFIP Policy.

31. The NFIP has refused to pay any additional amount for damage, engage in the appraisal process, and/or otherwise comply with the SFIP's provision for appraisal. Consequently, Plaintiff

---

[7] *See* Art. VII.P of 44 C.F.R. Pt. 61, App. A(1)
[8] *See* Plaintiff's Exhibit C, "Appraisal Demand Letter" dated September 15, 2010.

6

requests this Court's assistance in compelling the NFIP to comply with the SFIP's appraisal provision.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRIAN EVANS, prays that upon judgment hereof, Plaintiff has and recovers against Defendant, the NATIONAL FLOOD INSURANCE PROGRAM, sums for breach of contract, as Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim. In addition, Plaintiff requests this Court compel Defendant, the NATIONAL FLOOD INSURANCE PROGRAM, to immediately proceed to appraisal as described above.

Dated: October 27, 2010

Respectfully submitted,

By /s/ *Cliff Wilkerson*
Cliff Wilkerson
Attorney in Charge
Federal ID no. 1058780
Louisiana Bar Roll no. 30977
Arguello, Hope & Associates
2313 Strand
Galveston, Texas 77550
(409) 497-4574 Telephone
(713) 583-6307 Facsimile
E-mail: cliff@simplyjustice.com

**COUNSEL FOR PLAINTIFF
BRIAN EVANS**