IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN EVANS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-468 |
| | § | |
| NATIONAL FLOOD INSURANCE | § | |
| PROGRAM | § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties pursuant to 28 U.S.C. § 636(c), is the "Motion for Summary Judgment" (Instrument no. 13) of Defendant, Federal Emergency Management Agency (FEMA). Having considered the Parties' submissions and the applicable law, the Court now issues this Opinion and Order.

Plaintiff, Brian Evans, owns property in Seabrook, Texas, that was insured directly by FEMA when it was damaged on September 13, 2008, during Hurricane Ike. As a result of Ike's wide-spread devastation, FEMA extended the due date for filing a Proof of Loss under its Standard Flood Insurance Policies (SFIP) from November 12, 2008, to June 10, 2009. On December 2, 2008, Evans filed a Proof of Loss claiming entitlement to $86,817.21 which FEMA promptly paid on December 16, 2008.

Thereafter, on August 16, 2010, FEMA received a demand letter from Evans and another Proof of Loss, dated August 12, 2010, seeking further insurance proceeds in the amount of $169,568.58. FEMA's Administrator refused to waive the June 10, 2009, deadline and Evans' claim was, therefore, denied. On October 27, 2010, Evans filed the instant action.

FEMA has now moved for summary judgment. According to FEMA, Evans' second Proof of Loss was untimely and his claim is barred. Evans attempts to avoid the dismissal of his complaint by arguing that his second Proof of Loss is not a new claim, but a "revised" Proof of Loss which relates back to the original Proof of Loss and is, therefore, timely. On April 26, 2011, following oral arguments on FEMA's Motion, the Court gave Evans until May 6, 2011, to submit any legal authority to support his defensive theory; however, Evans' counsel has now informed the Court that no further briefing would be filed. Consequently, FEMA's Motion is now ripe for disposition.

As FEMA points out in its reply, every court that has considered any variation of Evans' argument has rejected it. For example, in Dogwood Grocery, Inc. v. South Caroline Insurance Co., 49 F.Supp. 2d 511, 513 (W.D. La. 1999), after the insured submitted a timely initial proof of loss which was paid and then it submitted an untimely proof of loss seeking additional damages, however, the District Court granted summary judgment after finding that the insured was not entitled to submit an untimely "amended" claim under the terms and conditions of the SFIP. See also, Ellis v. Allstate Insurance Co., 2005 WL 1155060 *8 (S.D. Tex. 2005) (Even if a subsequent proof of loss is considered a "supplemental claim" it is barred if not timely submitted.)

Insofar as Evans may be arguing that FEMA waived the timely filing requirement by continuing to correspond with him following receipt of the second Proof of Loss, his position is foreclosed by Wagner v. Director Federal Emergency Management Agency, 847 F.2d 515, 520 (9th Cir. 1988) (Answering insured's inquiries or considering new information after the deadline does not constitute a waiver.) See also, Brown v. Omaha Property and Casualty Insurance Co., No. SA-03-CA-721-FB *15 (Reopening insured's file after deadline does not result in a waiver.)

It is, therefore, the **ORDER** of this Court that the "Defendant Federal Emergency Management Agency's Motion for Summary Judgment" (Instrument no. 13) is **GRANTED** and that all claims asserted by Plaintiff, Brian Evans, against FEMA are **DISMISSED**.

**DONE** at Galveston, Texas, this _____16th_____ day of May, 2011.

_____
John R. Froeschner
United States Magistrate Judge